**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SUNLUNE CORPORATION,<br><br>    Defendant. | Case No. 24-cv-00220-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TRO AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>[Re: ECF 10] |

    Plaintiff Synopsys, Inc. filed this suit against Defendant Sunlune Corporation on January 11, 2024, asserting claims for violation of the Digital Millennium Copyright Act ("DMCA") and breach of contract. *See* Compl., ECF 1. Synopsys develops electronic design automation ("EDA") software for use in the design, testing, and manufacture of microchips and electronic systems. Sunlune, a chip design company, obtained a license to certain Synopsys EDA software. Synopsys asserts that Sunlune thereafter began using counterfeit license keys to pirate more and different copies of Synopsys EDA software than authorized under the license.

    On January 19, 2024, Synopsys filed a motion seeking a temporary restraining order ("TRO"), an order to show cause why a preliminary injunction should not issue, and expedited discovery. *See* Pl.'s Mot., ECF 10. The Court ordered Sunlune to file a response to the motion by January 24, 2024, and set a hearing for January 25, 2024. *See* Order, ECF 11. Sunlune did not file a response or appear for the hearing, despite receiving notice of the suit, the motion, and the Court's order setting the briefing deadline and hearing date. *See* POS, ECF 15.

    For the reasons stated on the record at the hearing on January 25, 2024, and discussed herein, Synopsys' motion for a TRO and an order to show cause re preliminary injunction is GRANTED. Synopsys' motion for expedited discovery is addressed in a separate order.

"[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (internal quotation marks and citation omitted). "To obtain a preliminary injunction, a plaintiff must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Id.* (internal quotation marks and citation omitted); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

Synopsys has shown a likelihood of success on its claim under the DMCA, which provides in relevant part that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A). Synopsys presents evidence that it controls access to its EDA software with a license key system. *See* Bradley Decl. ¶¶ 3-8, ECF 10-1. Courts in this district have held expressly that Synopsys' license key system constitutes "a technological measure that effectively controls access" to a protected work under § 1201(a)(1) of the DMCA. *See, e.g., Synopsys, Inc. v. InnoGrit, Corp.*, No. 19-CV-02082-LHK, 2019 WL 4848387, at *7 (N.D. Cal. Oct. 1, 2019). Synopsys presents substantial evidence that Sunlune circumvented Synopsys' license key system through use of counterfeit license keys, thereby gaining unauthorized access to Synopsys' EDA software least 11,000 times. *See* Bradley Decl. ¶¶ 9-16;  Roffman Decl. ¶¶ 7-13, ECF 10-2.

Synopsys has shown that it will suffer irreparable harm unless the requested TRO is granted, including loss of revenue and harm to business relationships, reputation, and goodwill. *See* Bradley Decl. ¶¶ 17-23. These types of harm are sufficient to support issuance of a TRO. *See Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017).

The balance of equities favors issuance of the TRO, as Synopsys will suffer irreparable harm in the absence of a TRO while Sunlune will merely be required to refrain from illegal activity. *See DISH Network L.L.C. v. Rios*, No. 2:14-CV-2549-WBS-KJN, 2015 WL 632242, at *7 (E.D. Cal. Feb. 13, 2015) ([D]efendant would suffer no cognizable hardship from merely being prevented from engaging in unlawful activity.").

Finally, issuance of the requested TRO is in the public interest, as "the public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating" works. *Disney Enterprises*, 869 F.3d at 867 (internal quotation marks and citation omitted).

Accordingly, Synopsys' motion for a TRO is GRANTED. Sunlune is ORDERED TO SHOW CAUSE, in writing by February 23, 2024 and at a hearing set for 9:00 a.m. on March 21 2024, why a preliminary injunction should not issue. Because this TRO was issued with notice to Sunlune, it is not subject to the 14-day limit applicable to TROs issued without notice. *See* Fed. R. Civ. P. 65(b)(2); *Patino v. Franklin Credit Mgmt. Corp.*, No. 16-CV-02695-LB, 2017 WL 1246853, at *3 (N.D. Cal. Apr. 5, 2017).

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Ninth Circuit has "recognized that Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotation marks and citation omitted) (italics in original). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id*. The Court finds that there is no realistic likelihood of harm to Sunlune because a TRO would simply enjoin it from refrain from illegal activity. Accordingly, the Court finds it appropriate to issue the TRO without requiring Synopsys to provide security.

**ORDER**

(1) Defendant Sunlune Corporation, its representatives, officers, agents, directors, affiliates, servants, employees, and all persons acting in concert or participation with it, including employees and independent contractors, ARE ENJOINED from directly or indirectly accessing, using, transferring, or copying, in any way, any Synopsys software, including but not limited to Synopsys's IC Compiler II, Fusion Compiler, HSPICE, and PrimeLib applications, without authorization from Synopsys, until further Order of this Court.

(2) Defendant Sunlune Corporation, its representatives, officers, agents, directors, affiliates, servants, employees, and all persons acting in concert or participation with it, including employees and independent contractors, SHALL immediately preserve all evidence that may relate to this matter, including all hard copy materials and all computer hard drives and other electronic devices in their possession, custody, or control.

(3) Defendant Sunlune Corporation is ORDERED TO SHOW CAUSE why a preliminary injunction shall not be entered in this matter pending final resolution of the complaint filed against Sunlune. Sunlune SHALL file any written response by February 23, 2024, and Synopsys SHALL file any written reply by March 8, 2024. The Court will hold a hearing on the Order to Show Cause at 9:00 a.m. on March 21, 2024, via Zoom.

(4) Synopsys SHALL NOT be required to provide security.

(5) Synopsys SHALL serve this order on Sunlune via personal service and electronic service. The order will take effect upon service of the order on Sunlune.

Dated:  January 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4