United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUNLUNE CORPORATION,<br><br>　　　　Defendant. | Case No.  24-cv-00220-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br><br>[Re: ECF 10] |

　　　　The Court has granted Plaintiff Synopsys, Inc.'s motion for a temporary restraining order and an order to show cause why a preliminary injunction should not issue pending final resolution of its claims against Defendant Sunlune Corporation for violation of the Digital Millennium Copyright Act ("DMCA") and breach of contract.  Synopsys also seeks leave to take expedited discovery in this matter.  Sunlune was given notice of Synopsys' motion for expedited discovery, as well as the Court's order setting a deadline for response and a hearing on the matter.  *See* POS, ECF 15.  Sunlune did not file written opposition or appear at the hearing on January 25, 2024.

　　　　The Federal Rules of Civil Procedure generally prohibit a party from seeking discovery before the parties have conferred as required by Rule 26(f).  *See* Fed. R. Civ. P. 26(d).  "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference.  *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).  The Court finds that Synopsys has shown good cause for expedited discovery, and for that reason Synopsys' motion for expedited discovery is GRANTED as set forth below.

**ORDER**

(1)   Forensic expert/third-party consultant CRA SHALL be granted access to the Sunlune electronic devices associated with the Hostnames, License Servers, and Egress IP address, identified in the table below for the purpose of imaging said devices for preservation and analysis. CRA SHALL provide copies of all images taken to Sunlune upon completion and in no event later than within three (3) business days of the date of completion of each. CRA SHALL also provide an inventory to Sunlune as to each device imaged.

| Hostname | Server Hostname | Egress IP Address |
|---|---|---|
| FTP | Sunlune.us | 107.215.250.190 |
| login1 | sunlune | |
| sunlune02 | sunlune1 | |
| sunlune03 | sunlune2 | |
| sunlune04 | sunlune04 | |
| sunlune05 | | |
| sunlune06 | | |
| sunlune07 | | |
| sunlune08 | | |
| sunlune09 | | |
| sunlune11 | | |
| sunlune12 | | |
| sunlune13 | | |
| sunlune14 | | |
| sunlune15 | | |

(2)   The parties SHALL abide by the Court's Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, and counsel SHALL execute the same and submit it to the Court within three (3) days of the date of this Order.

(3)   The parties SHALL meet and confer within three (3) business days of the date of this order to agree upon a forensic protocol.

(4)   Synopsys SHALL serve this order on Sunlune via personal service and electronic service. The order will take effect upon service of the order on Sunlune.

Dated:   January 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge